Matthew J. Kreutzer, Esq.
Nevada Bar No. 8834
Robert J. Cassity, Esq.
Nevada Bar No. 9779
HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, Nevada 89169
(702) 669-4600
(702) 669-4650 – fax
mkreutzer@hollandhart.com
bcassity@hollandhart.com

Charles Wirken, Esq., *Pro Hac Vice Application pending*
Gust Rosenfeld, P.L.C.
201 East Washington Street, Suite 800
Phoenix, Arizona 85004-2327
(602) 257-7959
cwirken@gustlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BASKIN-ROBBINS FRANCHISING LLC, a Delaware limited liability company, and BR IP HOLDER LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>LAS VEGAS 31S, INC., a Nevada corporation, and CHRISTOPHER LATHAM and SARAH LATHAM, husband and wife,<br><br>Defendants. | CASE NO.:<br><br>**VERIFIED COMPLAINT** |

Baskin-Robbins Franchising LLC and BR IP Holder LLC, for their claims against the Defendants, state as follows:

### Jurisdiction and Venue

1. This court has jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), in that the case arises under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*

4468926_4

2. Additionally, this court has jurisdiction over this action under the provisions of 28 U.S.C. § 1367(a), in that the common law and state law claims asserted herein are so related to the claims over which the court has original jurisdiction that they form part of the same case and controversy.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

**Parties**

4. BR IP Holder LLC is the sole owner of all right, title and interest in and to the registered trademarks "Baskin-Robbins" and "Baskin 31 Robbins," and other proprietary marks (the "Proprietary Marks"). BR IP Holder LLC is a Delaware limited liability company with its principal place of business in Canton, Massachusetts.

5. Baskin-Robbins Franchising LLC ("Baskin-Robbins") is the franchisor of Baskin-Robbins retail units and has been licensed by BR IP Holder LLC to use the Proprietary Marks in conjunction with the granting of franchises for the operation of Baskin-Robbins retail units. Baskin-Robbins is a Delaware limited liability company with its principal place of business in Canton, Massachusetts.

6. Las Vegas 31S, Inc. is a Nevada corporation.

7. Christopher Latham and Sarah Latham are citizens and residents of the State of Nevada, are the shareholders and officers of Las Vegas 31S, Inc., and are, upon information and belief, husband and wife.

**Background facts**

*The Baskin-Robbins' System and Proprietary Marks*

8. Baskin-Robbins, as a result of the expenditure of time, skill, effort and money, has acquired experience and skill in the development and operation of food service establishments using distinctive systems and techniques for the production, distribution, merchandising and sale of branded food products, including, without limitation, Baskin-Robbins ice cream, yogurt and novelties, and other unique and distinctive products, services and business methods (hereinafter the "System").

9. The distinguishing characteristics of the System include, without limitation, distinctive exterior and interior design, decor, color and identification schemes and furnishings; specially

4468926_4

designed manufacturing and merchandising equipment; unique and proprietary information technologies and software; special menu items; standards, specifications and procedures for operations, manufacturing, distribution and delivery; quality of products and services offered; management programs; training and assistance; and marketing, advertising and promotional programs.

10. The Proprietary Marks are certain proprietary interests, trademarks, service marks, logos, emblems, trade dress and other indicia of origin and trade names, which identify for the public the source of goods and services marketed thereunder and represent to the public high and uniform standards of quality, cleanliness, appearance and service, including, without limitation, "Baskin-Robbins" and "Baskin 31 Robbins," which are registered trademarks on the Principal Register of the United States Patent and Trademark Office.

11. BR IP Holding has granted Baskin-Robbins the right to use the Proprietary Marks in connection with its business and the business of its franchisees.

12. The grant of a franchise by Baskin-Robbins to a franchisee to operate a Baskin-Robbins unit includes a license to use the System and the Proprietary Marks during the term of the franchise.

*Defendants' Franchise and its Termination*

13. On or about May 16, 2007 Baskin-Robbins Franchising entered into a Franchise Agreement with Las Vegas 31S, Inc. (the "Franchise Agreement") that entitled it to operate a Baskin-Robbins unit at 6572 N. Decatur Blvd., Las Vegas, Nevada 89130, known as Baskin-Robbins profit center ("PC") number 345206 (the "Unit"). A true and correct copy of the Franchise Agreement is attached hereto as *Exhibit "1."*

14. Christopher Latham and Sarah Latham personally guaranteed the obligations of Las Vegas 31S, Inc. under the Franchise Agreement and agreed to be bound by all of its terms and conditions.

15. The Franchise Agreement imposes certain financial reporting and payment obligations upon the defendants.

16. Defendants have defaulted in the performance of their financial reporting and payment obligations under the Franchise Agreements.

4468926_4

HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

17. By letters dated September 17 and December 18, 2008, Baskin-Robbins gave defendants notice of their financial defaults under the Franchise Agreements and notice that unless the defaults were cured within fifteen (15) days of the date of the letter their Franchise Agreement would be terminated, true and correct copies of which are attached hereto as **"Exhibits 2 and 3"**, respectively.

18. Defendants failed to cure their financial defaults, and failed to pay additional amounts due as they accrued.

19. By letter dated February 18, 2009 and received by defendants on February 19, 2009, Baskin-Robbins gave defendants notice of the termination of their Franchise Agreement and demanded that the defendants immediately comply with their post-termination obligations under the Franchise Agreement, a true and correct copy of which is attached hereto as **"Exhibit 4."**

20. The Franchise Agreement provides that upon termination the defendants shall, in summary, immediately cease to operate the Unit, immediately cease to use the System, immediately return to Baskin-Robbins all operating manuals and other materials containing information prepared by Baskin-Robbins regarding the operation of the Unit, remove from the Unit premises and equipment all of the Proprietary Marks and other indicia of Baskin-Robbins, disconnect or assign to Baskin-Robbins any telephone listings containing any part of the Proprietary Marks, sell to Baskin-Robbins, at Baskin-Robbins' option, all unopened and unexpired Baskin-Robbins Products and associated BR Products bearing the Proprietary Marks, and comply with post-termination covenants against competition.

21. Despite the termination of the Franchise Agreement, the defendants continue to operate the Unit using the System, the Proprietary Marks, and the Products, and have failed to deliver to Baskin-Robbins all manuals and other materials relating to the operation of the Unit or sell to Baskin-Robbins all unopened and unexpired Baskin-Robbins Products and associated BR Products bearing the Proprietary Marks.

22. Defendants agreed in the Franchise Agreement that, because the Unit is one of many units within the System, their failure to comply with the terms of the Franchise Agreement would cause irreparable damage to Baskin-Robbins and the System as a whole for which no adequate

4468926_4

remedy at law may be available, and, therefore, agreed that in the event of a breach by defendants of any of the terms of the Franchise Agreement, Baskin-Robbins shall be entitled to an injunction restraining such breach, without showing or proving any actual damage or irreparable harm or lack of an adequate remedy at law, and without the requirement of posting a bond, the same being waived by the defendants.

**Count One -- Trademark Infringement**

23. Plaintiffs re-allege and incorporate by reference the allegations set forth in all preceding paragraphs of this Complaint as though set forth fully herein.

24. The Proprietary Marks include the marks "Baskin-Robbins" and "Baskin 31 Robbins," and other marks currently and validly registered in the United States Patent and Trademark Office and used in interstate commerce.

25. Defendants acknowledged in the Franchise Agreement that the Proprietary Marks are valid and serve to identify the System and Products as defined in the Franchise Agreements.

26. Defendants further acknowledged in the Franchise Agreement that goodwill is associated with and symbolized by the Proprietary Marks.

27. Defendants further acknowledged in the Franchise Agreement that their right to use the Proprietary Marks and the System and to operate the Stores within the System and under the Proprietary Marks would terminate upon expiration or termination of the Franchise Agreement.

28. Defendants agreed in the Franchise Agreement that any unauthorized use or continued use of the Proprietary Marks after termination of the agreement shall constitute irreparable harm and willful trademark infringement.

29. Defendants' continuing use in commerce of the registered marks of Baskin-Robbins in connection with the sale, offering for sale, or advertising of Baskin-Robbins Products without Baskin-Robbins' consent after termination of defendants' Franchise Agreements is likely to confuse or deceive the public into believing, contrary to fact, that defendants' store and the business conducted therein is licensed, franchised, sponsored, authorized, or otherwise approved by Baskin-Robbins, and to cause the public to mistakenly patronize Franchisee's store, in violation of the Lanham Act, 15 U.S.C. § 1114.

4468926_4

30. Defendants' acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

31. As a result of the defendants' infringement of the registered marks, Baskin-Robbins has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

32. It has been necessary for plaintiffs to retain the services of an attorney to prosecute this action, and, pursuant to 15 U.S.C. §1117, plaintiffs are entitled to an award of reasonable attorneys' fees and costs in connection therewith.

### Count Two – Unfair Competition

33. Plaintiffs re-allege and incorporate by reference the allegations set forth in all preceding paragraphs of this Complaint as though set forth fully herein.

34. Defendants acknowledged in the Franchise Agreements that the Proprietary Marks are valid and serve to identify the System and Products as defined in the Franchise Agreement.

35. Defendants further acknowledged in the Franchise Agreement that goodwill is associated with and symbolized by the Proprietary Marks.

36. Defendants further acknowledged in the Franchise Agreement that their right to use the Proprietary Marks and the System and to operate the store within the System and under the Proprietary Marks would terminate upon expiration or termination of the Franchise Agreement.

37. Defendants' continuing use in commerce of the Proprietary Marks in connection with the sale, offering for sale, or advertising of Baskin-Robbins Products without Baskin-Robbins' consent after expiration and termination of the Franchise Agreement is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of Franchisees with plaintiffs, or as to the origin, sponsorship, or approval of defendants' goods or commercial activities by Baskin-Robbins, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

38. Defendants' acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

39. As a result of the defendants' unfair competition, Baskin-Robbins have suffered and are continuing to suffer irreparable injury, and have incurred and are continuing to incur monetary

4468926_4

1   damage in an amount that has yet to be determined.

2   40. It has been necessary for plaintiffs to retain the services of an attorney to prosecute this
3   action, and, pursuant to 15 U.S.C. §1117, plaintiffs are entitled to an award of reasonable attorneys'
4   fees and costs in connection therewith.

**Count Three – Breach of Contract**

6   41. Plaintiffs re-allege and incorporate by reference the allegations set forth in all preceding
7   paragraphs of this Complaint as though set forth fully herein.

8   42. Defendants agreed in the Franchise Agreement that upon its expiration or termination
9   they would, in summary:

A.   immediately cease to operate the Unit:

B.   immediately cease to use the System and the Proprietary Marks;

C.   immediately return to Baskin-Robbins all operating manuals and other materials containing information prepared by Baskin-Robbins regarding the operation of the Unit;

D.   remove from the Unit premises and equipment all of the Proprietary Marks and other indicia of Baskin-Robbins;

E.   disconnect or assign to Baskin-Robbins any telephone listings containing any part of the Proprietary Marks;

F.   sell to Baskin-Robbins, at Baskin-Robbins' option, all unopened and unexpired Baskin-Robbins Products and associated BR Products bearing the Proprietary Marks; and

G.   comply with post-termination covenants against competition.

43. Defendants have breached the Franchise Agreement by continuing to operate the Unit using the System and the Proprietary Marks and by failing to perform the other aforesaid post-term covenants.

44. Defendants acknowledged in the Franchise Agreement that the Unit is one of a large number of Units within the System selling similar Products and services and that defendants' failure to comply with the terms of the Franchise Agreement would cause irreparable damage to Baskin-Robbins and the System; and that in the event of a breach by defendants of any of the terms of the Franchise Agreement, Baskin-Robbins shall forthwith be entitled to an injunction and/or to a decree of specific performance, without showing or proving any actual damage or irreparable harm or lack

4468926_4

HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

of an adequate remedy at law, and without the requirement of posting a bond.

45. It has been necessary for plaintiffs to retain the services of an attorney to prosecute this action, and, pursuant to the Franchise Agreement, plaintiffs are entitled to an award of reasonable attorneys' fees and costs in connection therewith.

### Count IV – Breach of Contract

46. Plaintiffs re-allege and incorporate by reference the allegations set forth in all preceding paragraphs of this Complaint as though set forth fully herein.

47. The Franchise Agreement requires defendants to submit a statement of gross sales to Baskin-Robbins on or before Thursday of each week for the seven day period ending at the close of business on the preceding Saturday.

48. The Franchise Agreement requires defendants to pay to Baskin-Robbins weekly continuing franchise (royalty) fees equal to five and nine-tenths percent (5.9%) of the gross sales of the Store.

49. The Franchise Agreement also requires defendants to pay weekly continuing advertising fees in an amount equal to five percent (5.0%) of the Store's gross sales.

50. Defendants have breached the Franchise Agreement by failing to report gross sales, and to pay franchise (royalty) fees and advertising fees, late fees, interest and collection costs.

51. Upon expiration or termination of the Franchise Agreement defendants are obligated to promptly pay all sums owing to Baskin-Robbins under the Franchise Agreement.

52. As of February 18, 2009 defendants owed Baskin-Robbins Franchising an estimated $10,181.00 (subject to adjustment upon determination of actual gross sales) for franchise and advertising fees through the week ending January 24, 2009. Such fees have continued to accrue thereafter.

53. The Franchise Agreement provides that if any required payment is not paid when due defendants shall also pay interest at the rate of one and one-half percent (1.5%) per month and all collection costs, including reasonable attorneys' fees.

///

///

4468926_4

**Prayer for Relief**

WHEREFORE, in light of the foregoing, Baskin-Robbins Franchising LLC and BR IP Holder LLC pray that this court:

1. Issue a preliminary injunction and/or a decree of specific performance requiring defendants to immediately cease operating the Unit, immediately cease using the System, immediately return to Baskin-Robbins all operating manuals and other materials containing information prepared by Baskin-Robbins regarding the operation of the Unit, remove from the Unit premises and equipment all of the Proprietary Marks and other indicia of Baskin-Robbins, disconnect or assign to Baskin-Robbins any telephone listings containing any part of the Proprietary Marks, sell to Baskin-Robbins, at Baskin-Robbins' option, all unopened and unexpired Baskin-Robbins Products and associated BR Products bearing the Proprietary Marks, and comply with post-termination covenants against competition immediately cease operating the Store.

2. Enter a permanent injunction and/or a decree of specific performance requiring defendants, if they have not already done so, to immediately cease operating the Unit, immediately cease using the System, immediately return to Baskin-Robbins all operating manuals and other materials containing information prepared by Baskin-Robbins regarding the operation of the Unit, remove from the Unit premises and equipment all of the Proprietary Marks and other indicia of Baskin-Robbins, disconnect or assign to Baskin-Robbins any telephone listings containing any part of the Proprietary Marks, sell to Baskin-Robbins, at Baskin-Robbins' option, all unopened and unexpired Baskin-Robbins Products and associated BR Products bearing the Proprietary Marks, and comply with post-termination covenants against competition immediately cease operating the Store.

3. Award judgment against the defendants for the damages plaintiffs have sustained and the profits the defendants have derived as a result of their infringement and unfair competition, trebled, and prejudgment interest thereon.

4. Award Baskin-Robbins judgment for the damages suffered as a result of defendants' breaches of the Franchise Agreement.

5. Award BR IP Holder and Baskin-Robbins Franchising their collection costs, attorneys' fees and taxable court costs incurred in connection with defendants' breaches and/or this action.

4468926_4

6.  Award plaintiffs such other relief as this court may deem just and proper.

DATED March 10, 2009.

        /s/ Matthew J. Kreutzer
Matthew J. Kreutzer, Esq.
Robert J. Cassity, Esq.
Holland & Hart LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, Nevada 89169

Charles Wirken, Esq.,
*Pro Hac Vice Application pending*
Gust Rosenfeld, P.L.C.
201 East Washington Street, Suite 800
Phoenix, Arizona 85004-2327

*Attorneys for Plaintiffs*

4468926_4

**VERIFICATION**

Gary Zullig, declares and verifies under penalty of perjury that he is an authorized representative of plaintiffs Baskin-Robbins Franchising, LLC and BR IP Holder, LLC in this matter and, as such, has read the foregoing VERIFIED COMPLAINT and knows the contents thereof and that the same are true and correct of his own knowledge, except for those matters therein stated on information and belief, and as to those matters, that he believes them to be true.

DATED March 10, 2009.

                    /s/ Gary Zullig
                  Gary Zullig

4468926_4